IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT E. LEDBETTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-02303-E |
| | § | |
| BNSF RAILWAY COMPANY, f/k/a | § | |
| Burlington Northern and Santa Fe | § | |
| Railway Company | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a summary judgment motion filed by defendant BNSF Railway Company f/k/a Burlington Northern and Santa Fe Railway Company (BNSF) (Doc. No. 48).  After careful consideration of the motion, the parties' briefing and appendices, and the applicable law, the Court concludes there is a genuine dispute of material fact, making summary judgment inappropriate.

### BACKGROUND

Plaintiff Robert E. Ledbetter, a former BNSF employee, brings this action under the Federal Employers Liability Act, 45 U.S.C. §§ 51–60 (FELA), alleging he was "exposed to various toxic substances and carcinogens" throughout his employment that "in whole or in part, caused or contributed to his development of lung cancer." (Doc. No. 1).  Ledbetter filed this action on August 30, 2018.  BNSF contends it is entitled to summary judgment because Ledbetter's cause of action accrued no later than August 11, 2015, rendering the action untimely under 45 U.S.C. § 56.

1

LEGAL STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A court must view all evidence and draw all reasonable inferences in the light most favorable to a party opposing a summary judgment motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). A court "may not make credibility determinations or weigh the evidence" in ruling on the motion. *Id.*; *Anderson*, 477 U.S. at 254-55.

The moving party bears the initial burden of showing the court there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A party with the burden of proof on an issue "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When a nonmovant bears the burden of proof, the movant may demonstrate it is entitled to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Id.* at 324. "[C]onclusory allegations, speculation, and unsubstantiated assertions" will not satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996)

(en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). A court "resolve[s] factual controversies in favor of a nonmoving party … only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).

In a FELA action, awarding summary judgment to a defendant railroad is appropriate "[o]nly when there is a complete absence of probative facts" to support a jury verdict in the plaintiff's favor. *Gray v. Alabama Great S. R.R. Co.*, 960 F.3d 212, 216 (5th Cir. 2020) (quoting *Lavender v. Kurn*, 327 U.S. 645, 653 (1946)). "This standard is highly favorable to the plaintiff and recognizes that the FELA is protective of the plaintiff's right to a jury trial." *Id.*

### Applicable Law

A plaintiff must commence a FELA action within three years from the date the cause of action accrued. 45 U.S.C. § 56. Compliance with the applicable statute of limitations is a condition precedent to recovery under the FELA. *Gulf, Colorado & Santa Fe Ry. Co. v. McClelland*, 355 F.2d 196, 197 (5th Cir. 1966). The plaintiff bears the burden of proving that his cause of action commenced within the three-year limitations period. *Bealer v. Missouri Pac. R.R. Co.*, 951 F.2d 38, 39 (5th Cir. 1991).

A FELA cause of action accrues when the plaintiff "knows or should know that his injury is work related, that is, when a plaintiff is aware of critical facts concerning his injury and its causation." *Bealer*, 951 F.2d at 39 (citing *Dubose v. Kansas City S. Ry.*, 729 F.2d 1026, 1029–30 (5th Cir. 1984) & *Emmons v. Southern Pac. Transp. Co.*, 701 F.2d 1112 (5th Cir. 1983)). The discovery rule is intended to protect a plaintiff when "the fact of injury … may be unknown or unknowable …

3

and the facts about causation may be … unavailable to the plaintiff or at least very difficult to obtain." *See United States v. Kubrick*, 444 U.S. 111, 122 (1979) (addressing similar limitations question under Federal Tort Claims Act).  However, accrual of the cause of action does not depend on the plaintiff's ignorance of his legal rights or his awareness that his injuries were the result of negligence. *See id*. at 122–23 (1979).

"When a plaintiff may be charged with awareness that his injury is connected to some cause should depend on factors including how many possible causes exist and whether medical advice suggests an erroneous causal connection or otherwise lays to rest a plaintiff's suspicion regarding what caused his injury." *Dubose*, 729 F.2d at 1031.  If there is evidence tending to suggest the plaintiff could have attributed the injury to something other than work, courts tend to find the limitations question is one for the jury. *See Smith v. States Marine Int'l, Inc.*, 864 F.2d 410, 413 (5th Cir. 1989).  A plaintiff need not be formally advised by a physician that his condition is work-related. *Emmons*, 701 F.2d at 1122.  However, courts also have considered the absence of a medical diagnosis when concluding that the statute of limitations is a jury question. *See Dubose*, 729 F.2d at 1030–31.

## ANALYSIS

Here, the summary judgment evidence shows Ledbetter underwent a CT chest scan in July 2015.  His physician advised him that a "non-calcified nodule in his left upper lobe is very suspicious for primary lung cancer, especially with his extensive and ongoing smoking history" (Doc. No. 48-1, p. 26).  The doctor referred Ledbetter to surgery, which took place on September 1, 2015.  The surgeon's post-operative diagnosis included a finding of left upper lobe lung cancer, and, on

September 3, 2015, Surgical Pathology signed a report showing a "final diagnosis" of "lung, left upper lobe nodule, wedge resection: adenosquamous carcinoma" (Doc. No. 52, pp. 3, 13–14).  On October 6, 2015, Ledbetter had a "post op lobectomy" appointment with the surgeon to review the final pathology findings (Doc. No 52, p. 11).

BNSF contends Ledbetter's deposition testimony showing he "believed his railroad work exposed him to carcinogens before his 2015 cancer diagnosis" establishes his cause of action could have accrued no later than August 11, 2015, when his physician advised him of the growth on his lung.  Ledbetter testified as follows:

Q. Tell me why you think [your cancer is] related to your railroad work. I mean you've sued the railroad for causing your cancer. Why?

A. The fact that I did have exposure to asbestos, which I know now is a carcinogenic, could cause cancer. I was exposed to it. And the fumes from the diesel that I was exposed to. And I guess the media talking about the different causes of cancer.

Q. So is this something that you just put together yourself, or has somebody told you that your railroad work is connected to your cancer?

A. No, I just – I – got to thinking about it, and that's when I called a lawyer.

Q. And so when the -- when you had the CT scan and the doctor said ["][Y]ou've got a spot, we think it's lung cancer["], you started going through this process of thinking where it could come from and you started thinking about asbestos and diesel exhaust?

A. Yes, sir.

Q. Is that a process you started as soon as you got your cancer diagnosis or is that something that started years later?

A. Oh, I -- I had been thinking about it.

Q. Even before you got your diagnosis?

A.  Oh, yes.

Q. So you -- you had seen the media reports. You had heard about asbestos. You remembered that 50 years ago you were  exposed to asbestos?

A. Yes, sir.

Q.  And so then when the doctor said you've got cancer, this all clicked in your head?

A. Yes, sir.

Q.  That, hey, that cancer must be related to what I was exposed to at work?

A.  That it could be, yes, sir.

(Doc. 48-2 at 17–19).

Thereafter, Ledbetter testified:

Q. Mr. Ledbetter, we've taken another break. Is there anything that has occurred to you at the break or at any time during the deposition that you need to add to your testimony or change about your testimony or any kind of amendment you think you need to make?

A.  No, sir, other than the fact that my diagnosis of cancer was done after I had the surgery.

Q.  After you had the surgery, they did a pathology on and came back and said, yes, in fact, it was cancer?

A. Yes, sir.

(Doc. No. 52, p. 10).

The issue before the Court is whether Ledbetter knew or should have known of his injury and its cause prior to August 30, 2015.  Reviewing all the summary judgment evidence in the light most favorable to Ledbetter, the Court finds there is some evidence that Ledbetter neither knew nor should have known of the cause of his injury until he was within the three years' limitations period

6

for his claim.  He testified he called a lawyer when he "got to thinking about" whether his railroad work was connected to his cancer, which was not diagnosed before September 1, 2015.  Ledbetter also testified that he had "started going through this process of thinking where it could come from" and "started thinking about asbestos and diesel exhaust" before he got his diagnosis and it "clicked in his head" "when the doctor said you've got cancer." Thereafter, he clarified that he received his cancer diagnosis following his surgery.  *Compare Townley v. Norfolk & W. Ry. Co.*, 887 F.2d 498, 501 (4th Cir. 1989) (affirming directed verdict for employer when plaintiff admitted in a letter written four years before he filed his claim that work had caused his medical problems).  Further, there is evidence that his physician expressly told him that the nodule on his lung was suspicious for cancer "especially with his extensive and ongoing smoking history."

Because reasonable minds could reach different conclusions as to whether Ledbetter's claim was timely, the Court must, for purposes of summary judgment, resolve the factual dispute in favor of Ledbetter, the FELA plaintiff and nonmoving party.  Accordingly, BNSF's motion for summary judgment motion (Doc. No. 48) is **DENIED**.

**SO ORDERED.**

Signed June 30, 2020.

_____

ADA BROWN
UNITED STATES DISTRICT JUDGE